# EXHIBIT A

311403

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
Coinbase, Inc. Does 1 through 25

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Conrad Steinbrueck

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

CENTRAL DIVISION

2018 APR -2 AM 10:03

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* San Diego Superior Court
330 West Broadway
San Diego, California 92101

**CASE NUMBER:**
*(Número del Caso):*
**37-2018-00015859-CU-MC-CTL**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Perez Vaughn & Feasby Inc. 600 B Street, Suite 2100, San Diego, CA 92101; 619.741.0242

DATE: **APR 0 2 2018**   Clerk, by _A. Beason_, Deputy
*(Fecha)*                 *(Secretario)*                  *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* Coinbase, Inc.
   under: ☑ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☑ by personal delivery on *(date):*

EXHIBIT A,

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | page 1 | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Jeffrey A. Feasby, State Bar No. 208759<br>Perez Vaughn & Feasby Inc.<br>600 B Street, Suite 2100<br>San Diego, California 92101<br>TELEPHONE NO.: 619.741.0242   FAX NO.: 619.460.0437<br>ATTORNEY FOR (Name): Plaintiff Conrad Steinbrueck | 2018 APR -2  AM 10: 03 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, California 92101
BRANCH NAME:

CASE NAME: Steinbrueck v. Coinbase

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ✓ Unlimited   ☐ Limited<br>(Amount   (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | 37-2018-00015859-CU-MC-CTL<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ✓ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✓ is   ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties   d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action (specify): Four
5. This case ✓ is   ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 30, 2018
Jeffrey A. Feasby
(TYPE OR PRINT NAME)   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

EXHIBIT A, page 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

EXHIBIT A,

page 3

Michael J. Pérez, State Bar No. 151039
Jeffrey A. Feasby, State Bar No. 208759
PEREZ VAUGHN & FEASBY INC.
600 B Street, Suite 2100
San Diego, California 92101
Telephone No.: 619.741.0242
Fax No.: 619.460.0437
E-Mail:   perez@pvflaw.com
          feasby@pvflaw.com

Attorneys for Plaintiff Conrad Steinbrueck

FILED
CIVIL BUSINESS OFFICE 2
CENTRAL DIVISION

2018 APR -2  AM 10: 08

CLERK-SUPERIOR COURT
SAN DIEGO COUNTY, CA

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

CONRAD STEINBRUECK, an individual,

Plaintiff,

v.

COINBASE, INC. a Delaware corporation; DOES 1 through 25, inclusive,

Defendants.

Case No. 37-2018-00015859-CU-MC-CTL

CLASS ACTION COMPLAINT FOR:

(1) **CALIFORNIA'S CONSUMER LEGAL REMEDIES ACT (CIV. CODE § 1750, *ET SEQ.*);**
(2) **CALIFORNIA'S UNFAIR COMPETITION LAW (BUS. & PROF. CODE § 17200, *ET SEQ.*);**
(3) **CONVERSION; AND,**
(4) **VIOLATION OF PENAL CODE § 496**

Plaintiff Conrad Steinbrueck ("Plaintiff"), individually and on behalf of all others similarly situated (collectively, the "Putative Class"), files this class action against defendant Coinbase, Inc. ("Coinbase"). Plaintiff alleges the following upon personal knowledge as to his actions and upon information and belief based upon the investigation of his attorneys as to all other facts alleged herein:

## INTRODUCTION

1.  This Complaint arises out of cryptocurrency giant Coinbase's unlawful and unfair business practices directed at California consumers. Plaintiff is just one of many investors from whom Coinbase has taken money, illegally, and subsequently ignored requests for information and

EXHIBIT A,
page 4

demands for return of his deposits. While Coinbase is reporting record gains, it has unlawfully converted the hard-earned investments of California consumers.

2. This action challenges Coinbase's unlawful and unfair business practices associated with its User Agreement and various representations on its website. It also challenges the defendants' conversion and/or theft of the funds and other property of its customers and seeks all damages resulting therefrom.

## PARTIES

3. Plaintiff Conrad Steinbrueck is, and at all relevant times herein was, an individual residing in the County of San Diego, California.

4. Defendant Coinbase, Inc. is a Delaware corporation with its principal place of business in San Francisco, California, and doing business in the County of San Diego, California.

5. Plaintiff is unaware of the true names and capacities, whether individual, associations, partnerships, corporations, or otherwise of the defendants sued herein as Does 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff alleges on information and belief that each of these fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and Plaintiff will amend its Complaint when the true names of such defendants are ascertained.

6. Plaintiff is informed and believes, and thereon alleges, that the defendants, including those named as Does, were, at all times relevant herein, the agents, servants, and/or employees of their co-defendants, and each of them, and in doing the things herein alleged, were acting at least in part within the course and scope of their authority as such agents, servants, and/or employees of their co-defendants, and each of them. All of the defendants will be referred to herein collectively as "Defendants."

7. Plaintiff is informed and believes, and thereon alleges, that the acts and/or omissions of Defendants, including those named as Does, were authorized and/or ratified by the officers, directors, and/or managing agents of Defendants, and each of them.

///

///

## FACTUAL ALLEGATIONS

8. Coinbase was founded in July 2011 as a digital cryptocurrency exchange. It is estimated that Coinbase currently has over 13 million users. Coinbase generated more than $1 billion in revenue in 2017. Coinbase facilitates trades in cryptocurrencies on it asset trading platform known as Global Digital Asset Exchange (GDAX).

9. Digital currency is a type of currency available only in digital form, not physical form such as bank notes or coins. Common cryptocurrencies include Bitcoin, Ethereum, and Litecoin. Cryptocurrencies are powered by their users who use cryptography to control its creation. A cryptocurrency's protocol and software are published openly, and all transactions are kept on a ledger visible to all users in a "blockchain." A blockchain is a continually growing chain of blocks of cryptographically secured records of transactions. Blocks are created when the distributed computers complete the work of cryptographically securing the information. Global actors that do the work of storing and securing the data do so for the chance to obtain cryptocurrency when new chains are formed and are only added to the block chain when there is consensus. As a general rule, decisions about the blockchain, and any changes in the software are essentially controlled by a group of miners and developers. Because of their digital nature, security is paramount for owners and investors of cryptocurrencies.

10. Coinbase's website contains numerous representations regarding its capabilities, security, and customer service, including:

- Moving funds between Coinbase and GDAX is instant and free.
- Trust is the sum of every interaction of customers [sic] have with us as a company. It requires us to be world class at security, compliance, technology, customer support, design, and more.
- We share information efficiently, improving collaboration and productivity.
- We talk to people directly about issues, instead of concealing or choosing gossip.

11. Plaintiff opened an account with Coinbase in April 2017 in order to trade in Bitcoin and Ethereum. Prior to opening his account, Plaintiff had spent months researching and considering potential cryptocurrency exchanges. Plaintiff's decision to do business with Coinbase was based on

3
CLASS ACTION COMPLAINT

1  Coinbase's representations on its website and its reputation. For his first trade, Plaintiff invested
2  $139.26 in Ethereum. Over the next few months, Plaintiff's investment grew to thousands of dollars.

3      12.    Registration with Coinbase does not require consumers to review, let alone agree to,
4  Coinbase's User Agreement. In opening an account, a customer merely has to provide identifying
5  information and bank, wire transfer, or credit card information in order to start purchasing currency
6  or trading, without clicking, agreeing, or opting in or out of the User Agreement. Nowhere on the
7  Coinbase website does it require actual approval or a meeting of minds with respect to the terms of
8  the User Agreement, and in particular, the arbitration clause, the class action waiver, and the
9  limitation on damages. In fact, it is only by going through the website, and a multitude of links that
10 a customer can obtain the User Agreement.

11     13.    Even if it is determined that the Coinbase User Agreement is a contract, which it is
12 not, that contract is unconscionable. The User Agreement provides that it is governed by California
13 law. However, consumers have no opportunity to negotiate the terms of the User Agreement and it
14 is provided to consumers on a take it or leave it basis. The User Agreement is hidden on Coinbase's
15 website and consumers are not required to read the agreement let alone engage in any affirmative
16 act to "consent" to its terms. Consumers are not given a copy of the User Agreement and must go
17 to Coinbase's website in order to review its terms.

18     14.    The User Agreement contains a number of provisions that are unconscionable and
19 unenforceable under California law. For instance,

20     a. Paragraph 7.2 of Coinbase's User Agreement provides, in pertinent part:

> **Arbitration; Waiver of Class Action.** If you have a dispute with Coinbase, we will attempt to resolve any such disputes through our support team. **If we cannot resolve the dispute through our support team, you and we agree that any dispute arising under this Agreement shall be finally settled in binding arbitration, on an individual basis, in accordance with the American Arbitration Association's rules for arbitration of consumer-related disputes (accessible at https://www.adr.org/sites/default/files/Consumer%20Rules.pdf) and you and Coinbase hereby expressly waive trial by jury and right to participate in a class action lawsuit or class-wide arbitration.**

    b. Paragraph 8.3 provides, in pertinent part:

> **Limitation of Liability; No Warranty.** IN NO EVENT SHALL COINBASE, ITS AFFILIATES AND SERVICE PROVIDERS, OR ANY OF THEIR RESPECTIVE OFFICERS, DIRECTORS, AGENTS, JOINT VENTURERS, EMPLOYEES OR

EXHIBIT A,
page 7

REPRESENTATIVES, BE LIABLE (A) FOR ANY AMOUNT GREATER THAN THE VALUE OF THE SUPPORTED DIGITAL CURRENCY ON DEPOSIT IN YOUR COINBASE ACCOUNT OR (B) FOR ANY LOST PROFITS OR ANY SPECIAL, INCIDENTAL, INDIRECT, INTANGIBLE, OR CONSEQUENTIAL DAMAGES, WHETHER BASED IN CONTRACT, TORT, NEGLIGENCE, STRICT LIABILITY, OR OTHERWISE, ARISING OUT OF OR IN CONNECTION WITH AUTHORIZED OR UNAUTHORIZED USE OF THE COINBASE SITE OR THE COINBASE SERVICES, OR THIS AGREEMENT, EVEN IF AN AUTHORIZED REPRESENTATIVE OF COINBASE HAS BEEN ADVISED OF OR KNEW OR SHOULD HAVE KNOWN OF THE POSSIBILITY OF SUCH DAMAGES. THIS MEANS, BY WAY OF EXAMPLE ONLY (AND WITHOUT LIMITING THE SCOPE OF THE PRECEDING SENTENCE), THAT IF YOU CLAIM THAT COINBASE FAILED TO PROCESS A BUY OR SELL TRANSACTION PROPERLY, YOUR DAMAGES ARE LIMITED TO NO MORE THAN THE VALUE OF THE SUPPORTED DIGITAL CURRENCY AT ISSUE IN THE TRANSACTION, AND THAT YOU MAY NOT RECOVER FOR LOST PROFITS, LOST BUSINESS OPPORTUNITES [sic], OR OTHER TYPES OF SPECIAL, INCIDENTIAL [sic], INDIRECT, INTANGIBLE, OR CONSEQUENTIAL DAMAGES IN EXCESS OF THE VALUE OF THE SUPPORTED DIGITAL CURRENCY AT ISSUE IN THE TRANSACTION. SOME JURISDICTIONS DO NOT ALLOW THE EXCLUSION OR LIMITATION OF INCIDENTAL OR CONSEQUENTIAL DAMAGES SO THE ABOVE LIMITATION MAY NOT APPLY TO YOU.

15. Further, even if the arbitration and attendant provisions are enforceable and this matter arise under the User Agreement, Section 7.2 of the agreement requires the Coinbase to attempt to resolve any dispute informally as a condition precedent to the requirement to arbitrate. However, Coinbase is unprepared to, and therefore does not, provide sufficient customer support such that this condition precedent can be satisfied, thereby precluding Coinbase from enforcing the arbitration and class action waiver clause at Section 7.2 of the User Agreement. As noted below, Plaintiff made several attempts by email and telephone to obtain redress from Coinbase, all of which went unanswered.

16. Additionally, certain sections of the User Agreement are ambiguous and inconsistent and therefore cannot be enforced. For instance, Section 7.2 states in the first paragraph that "The prevailing party in any action or proceeding to enforce this agreement shall be entitled to costs and attorneys' fees." However, the second paragraph of that Section provides that "each Party will be responsible for any other fees or costs, such as attorneys fees that the Party may incur." In addition, Section 8.3 purports to limit Coinbase's liability in a section entitled, "Limitation of Liability; No Warranty", but Section 7.2 states that should an action proceed to arbitration, "[t]he arbitrator may award any relief that a court of competent jurisdiction could award."   EXHIBIT A, page 8

17. Initially, Plaintiff was able to buy and sell Bitcoin and Ethereum in his Coinbase and GDAX accounts without incident. However, in October 2017, Plaintiff had two trades in his Coinbase account reversed due to insufficient funds. Unlike in past occasions where those orders were simply reversed, this time Coinbase chose to freeze Plaintiff's accounts. At the time, Plaintiff had over $81,000 in his accounts. Plaintiff has not been able to access those funds since October 26, 2017. As those funds sit idle the value of Bitcoin and Ethereum have increased exponentially.

18. Coinbase told Plaintiff that his accounts had been frozen due to a $12,000 outstanding balance related to the reversed trades. However, there has been, at all times, sufficient funds in Plaintiff's GDAX account to cover this balance. Plaintiff has repeatedly conveyed this to Coinbase's representatives and asked that they transfer the funds necessary to pay the balance in his Coinbase account from his GDAX account. Coinbase has ignored these requests.

19. Plaintiff has spent hours using Coinbase's online "support" system and on the telephone with various Coinbase representatives who have consistently provided false or misleading information regarding the status of his accounts and the availability of his funds. Plaintiff has actively engaged Coinbase's support team through a number of different support tickets and emails to which Coinbase simply fails to respond. After countless calls, Plaintiff had one customer "care" conversation escalate to a woman who identified herself as the "Support Supervisor." He was promised this Support Supervisor would personally handhold his case to resolution. That was on December 8th. She has since disappeared. He cannot reach her and she has not tried to reach him.

20. Plaintiff has proposed solutions and followed the support staff's instructions without success. In fact, relying on representations by Coinbase representatives, Plaintiff transferred additional funds into his Coinbase account to cover what was reported to be the outstanding balance. Plaintiff had to liquidate a position he held in another cryptocurrency at another firm in order to come up with these additional funds, while all along Coinbase could have paid the balance out of his GDAX account as provided for in the User Agreement and as Plaintiff had requested. Since Plaintiff liquidated his other position to pay Coinbase, the value of that cryptocurrency increased exponentially.

///

EXHIBIT A,
page 9

21. But even after this payment, his accounts remain frozen and Coinbase continues to wrongfully withhold Plaintiff's funds. Notwithstanding his best efforts, use of Coinbase's "support" system has only led to frustration and additional financial losses.

22. By the end of 2017, Coinbase had gone quiet. As a last-ditch effort and hoping to avoid having to retain an attorney to recover his converted funds, Plaintiff traveled from San Diego to Coinbase's offices in San Francisco to attempt to resolve the issue in person. Plaintiff was shocked when he found that Coinbase's listed address was nothing more than an abandoned storefront with a note on the window directing deliveries for Coinbase to a P.O. Box at another location.

23. Plaintiff's attorneys have confirmed that Coinbase's listed address with the California Secretary of State is that same abandoned storefront and deliveries to Coinbase are received at the P.O. Box referenced on the note on the window. The State Bar of California website lists Coinbase's Chief Legal & Risk Officer, Mike Lempres, as having an email address with a gmail domain, and its Corporate Counsel, Ted Hand, as having an email address with a hotmail domain.

24. In March 2018 it was reported by Quartz that the number of monthly customer complaints against Coinbase jumped more than 100% in January of that year to 889, citing official Consumer Financial Protection Bureau data, with more than 400 of those categorized as "money was not available when promised."

25. Despite Plaintiff's numerous and repeated requests, Coinbase has refused, and continues to refuse, to release his funds to him. While Coinbase has chosen to ignore Plaintiff, he has carefully documented the trades he would have made had his funds been available to him through Coinbase's "support" system. Had Coinbase not converted the money from Plaintiff's accounts, the value of Plaintiff's accounts would be over $2.6 million.

## CLASS ACTION ALLEGATIONS

26. This action may properly be maintained as a class action pursuant to California Code of Civil Procedure section 382.

27. Plaintiff brings this action as a class action on behalf of himself and the following classes ("the Classes"): (1) a "Contract Class" consisting of all persons in California who are subject

EXHIBIT A, page 10

7
CLASS ACTION COMPLAINT

1  to Coinbase's User Agreement; (2) a "Marketing Class" consisting of all persons in California who
2  reviewed any of Defendants' marketing prior to opening an account with Coinbase; and (3) a
3  "Damages Class" consisting of all persons in the United States who have had their Coinbase or
4  GDAX accounts frozen by Defendants for longer than ten (10) days.

5  28.  Excluded from the Class are the Defendants, and all officers, directors, employees,
6  or agents of the Defendants.

7  29.  The members of the Class are so numerous that joinder of all members would be
8  impracticable. Plaintiff does not know the exact size or identities of the proposed Class, since such
9  information is in the exclusive control of Defendants. Plaintiff, however, believes that the Classes
10 encompass over a million individuals.

11 30.  There are common questions of law or fact, among others, including:
12   a.  The nature, scope, and operations of the wrongful practices of Defendants;
13   b.  Whether Coinbase's User Agreement, or any portion thereof, is unconscionable
14       under California law;
15   c.  Whether the statements on Coinbase's website regarding customer service were
16       untrue, misleading, or reasonably likely to deceive;
17   d.  Whether Defendants knew that the representations and/or omissions regarding
18       the customer service available to the Class were false or misleading, but
19       continued to make them;
20   e.  Whether Defendants' failure to disclose the fact that Coinbase had no viable
21       customer service procedures was a material fact;
22   f.  Whether Defendant's conduct violated the California Consumer Legal Remedies
23       Act, California Civil Code section 1750, *et seq.*;
24   g.  Whether, by the misconduct as set forth in this Complaint, Defendants' engaged
25       in unfair or unlawful business practices pursuant to California Business and
26       Professions Code section 17200, *et seq.*;

27 ///
28 ///

EXHIBIT A,
page 11

h. Whether Defendants failed to put in place reasonable policies or adopt reasonable procedures to prevent the wrongful exercise of dominion or control of Plaintiff's and the Classes' funds and/or property;

i. Whether, as a result of Defendants' misconduct as set forth in this Complaint, Plaintiff and the Class are entitled to damages, restitution, equitable relief and other relief, and the amount and nature of such relief; and,

j. Whether Defendants have acted on grounds generally applicable to the Class, making injunctive relief appropriate.

### FIRST CAUSE OF ACTION

**(Violation of California's Consumer Legal Remedies Act – Civ. Code § 1750, *et seq.*)**

31. Plaintiff hereby incorporates by this reference paragraphs 1 through 30 above as if set forth fully herein.

32. Plaintiff brings this cause of action individually and on behalf of the Contract Class and the Marketing Class.

33. The acts and practices described in this Complaint were intended to result in the sale of services, specifically the processing of trades in cryptocurrencies, in a consumer transaction.

34. The Defendants' acts and practices violated, and continue to violate, California's Consumer Legal Remedies Act ("CLRA") in at least the following respects:

a. Defendants violated California Civil Code section 1770(a)(7) by representing that their customer service was of a particular standard, quality, or grade when it was not; and,

b. Defendants violated California Civil Code section 1770(a)(19) by inserting unconscionable provisions in the User Agreement.

35. Plaintiff has provided Coinbase with notice of these claims as required by Civil Code section 1782.

36. At this time, Plaintiff disclaims any claim for damages under the CLRA but, pursuant to California Civil Code section 1780, seeks an order of this Court enjoining Defendants from

///

EXHIBIT A,
page 12

continuing to engage, use, or employ any act prohibited by California Civil Code section 1770, *et seq.*

37. Plaintiff expressly reserves the right to amend this Complaint to seek damages.

## SECOND CAUSE OF ACTION

**(Violation of California's Unfair Competition Law – Bus. & Prof. Code § 17200, *et seq.*)**

38. Plaintiff hereby incorporates by this reference paragraphs 1 through 37 above as if set forth fully herein.

39. Plaintiff brings this cause of action individually and on behalf of the Contract Class and the Marketing Class.

40. Defendants have violated California Business and Professions Code section 17200 by engaging in unfair, unlawful, and fraudulent business acts or practices as described in this Complaint, including but not limited to, disseminating or causing to be disseminated from the State of California, unfair, deceptive, untrue, or misleading advertising and by violating Civil Code section 1750, *et seq.*, as set forth above in this Complaint.

41. Defendants' practices are likely to deceive, and have deceived, members of the public.

42. Defendants knew, or should have known, that their misrepresentations, omissions, failure to disclosure and/or partial disclosures omit material facts and are likely to deceive a reasonable consumer.

43. Defendants continued to make such misrepresentations despite the fact they knew or should have known that their conduct was misleading and/or deceptive.

44. By engaging in the above-described acts and practices, Defendants committed one or more acts of unfair competition within the meaning of California's Unfair Competition Law, Business and Professions Code section 17200, *et seq.*

45. Plaintiff and all members of the Contract Class and the Marketing Class suffered injury in fact as a result of Defendants' unfair methods of competition. As a proximate result of Defendants' conduct, Plaintiff and members of the Contract Class and the Marketing Class were

///

EXHIBIT A,
page 12

exposed to these misrepresentations, omissions, and unlawful conduct, and used Defendants' services in reliance on these misrepresentations, and suffered monetary loss as a result.

46. Plaintiff, individually and on behalf of the Contract Class and the Marketing Class, seek an order of this Court against Defendant awarding restitution, injunctive relief, and all other relief allowed under Business and Professions Code section 17200, *et seq.*, plus interest, attorneys' fees and costs.

## THIRD CAUSE OF ACTION

### (Conversion)

47. Plaintiff hereby incorporates by this reference paragraphs 1 through 46 above as if set forth fully herein.

48. Plaintiff brings this cause of action individually and on behalf of the Damages Class.

49. At all times herein mentioned, the Damages Class were, and still are, the owners and were, and still are, entitled to the possession of certain funds and property that were converted by the Defendants for their own use.

50. As a direct and proximate cause of the Defendants' conversion of the Damages Class' property, the Damages Class has suffered damages, the full nature and extent of which are presently unknown, but which will be determined according to proof at trial.

51. Defendants' acts alleged herein were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages.

## FOURTH CAUSE OF ACTION

### (Violation of Penal Code § 496)

52. Plaintiff hereby incorporates by this reference paragraphs 1 through 51 above as if set forth fully herein.

53. Plaintiff brings this cause of action individually and on behalf of the Damages Class.

54. Plaintiff is informed and believes, and thereon alleges, that at all times relevant to this Complaint, Defendants violated California Penal Code section 496 by obtaining money belonging to Plaintiff and the Damages Class by theft and knowingly withholding the money from Plaintiff and the Damages Class or by aiding in obtaining and knowingly withholding said money.

EXHIBIT A, page 13

55. Plaintiff and the Damages Class has been injured by Defendants' violations of California Penal Code section 496, the full nature and extent of which are presently unknown to Plaintiff, but which will be determined according to proof at trial.

56. Pursuant to California Penal Code section 496(c), Plaintiff and the Damages Class are entitled to three times the amount of its actual damages, an amount to be proven at trial, and Plaintiff is entitled to the cost of suit and the reasonable attorneys' fees incurred in prosecuting this action.

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment as follows:

1. That this matter be certified as a class action with the Classes defined as set forth above pursuant to California Code of Civil Procedure section 382;

2. That the Court enter an order requiring Defendants to immediately cease the wrongful conduct as set forth above; enjoining Defendants from continuing to conduct business via the unlawful and unfair business acts and practices complained of herein; and ordering Defendants to engage in a corrective notice campaign;

3. That judgment be entered against Defendants for restitution;

4. For judgment against Defendants for actual, direct, incidental, consequential, exemplary and/or statutory damages in favor Plaintiff and the Classes in such amounts as will be proven at trial as appropriate for the Third Cause of Action and Fourth Cause of Action asserted in this Complaint;

6. For costs of this suit, including the reasonable attorneys' fees incurred herein; and,

7. For such other and further relief as the Court deems just and proper.

DATED: March 30, 2018        PEREZ VAUGHN & FEASBY INC.

By: _____
Michael J. Perez
Jeffrey A. Feasby
Attorneys for Conrad Steinbrueck

EXHIBIT A, page 14

## SUPERIOR COURT OF CALIFORNIA
# County of SAN DIEGO

**Register of Actions Notice**

| | | | |
|---|---|---|---|
| Case Number: | 37-2018-00015859-CU-MC-CTL | Filing Date: | 04/02/2018 |
| Case Title: | Steinbrueck vs. Coinbase Inc [IMAGED] | Case Age: | 16 days |
| Case Status: | Pending | Location: | Central |
| Case Category: | Civil - Unlimited | Judicial Officer: | Judith F. Hayes |
| Case Type: | Misc Complaints - Other | Department: | C-68 |

### Future Events

| Date | Time | Department | Event |
|---|---|---|---|
| 10/26/2018 | 09:30 AM | C-68 | Civil Case Management Conference - Complaint |

### Participants

| Name | Role | Representation |
|---|---|---|
| Coinbase Inc | Defendant | |
| Steinbrueck, Conrad | Plaintiff | Perez, Michael J |

### Representation

| Name | Address | Phone Number |
|---|---|---|
| PEREZ, MICHAEL J | PEREZ VAUGHN & FEASBY INC 600 B Street 2100 SAN DIEGO CA 92101 | (619) 741-0242 |

| ROA# | Entry Date | Short/Long Entry | Filed By |
|---|---|---|---|
| 1 | 04/02/2018 | Complaint filed by Steinbrueck, Conrad. Refers to: Coinbase Inc | Steinbrueck, Conrad (Plaintiff) |
| 2 | 04/02/2018 | Original Summons filed by Steinbrueck, Conrad. Refers to: Coinbase Inc | Steinbrueck, Conrad (Plaintiff) |
| 3 | 04/02/2018 | Civil Case Cover Sheet filed by Steinbrueck, Conrad. Refers to: Coinbase Inc | Steinbrueck, Conrad (Plaintiff) |
| 4 | 04/02/2018 | Summons issued. | |
| 5 | 04/02/2018 | Case assigned to Judicial Officer Hayes, Judith. | |
| 6 | 04/02/2018 | Civil Case Management Conference scheduled for 10/26/2018 at 09:30:00 AM at Central in C-68 Judith F. Hayes. | |
| 7 | 04/02/2018 | [Another document for ROA# 7] | |
| 7 | 04/02/2018 | [Another document for ROA# 7] | |
| 7 | 04/02/2018 | Case initiation form printed. | |

EXHIBIT A,

page 15

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7068 | |

| | |
|---|---|
| PLAINTIFF(S) / PETITIONER(S): | Conrad Steinbrueck |
| DEFENDANT(S) / RESPONDENT(S): | Coinbase Inc |

STEINBRUECK VS. COINBASE INC [IMAGED]

| | |
|---|---|
| **NOTICE OF CASE ASSIGNMENT** and **CASE MANAGEMENT CONFERENCE** | CASE NUMBER: 37-2018-00015859-CU-MC-CTL |

## CASE ASSIGNMENT

Judge: Judith F. Hayes     Department: C-68

**COMPLAINT/PETITION FILED:** 04/02/2018

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 10/26/2018 | 09:30 am | C-68 | Judith F. Hayes |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

---

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS:  The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time.  General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS:  Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE:  Defendant must generally appear within 30 days of service of the complaint.  (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES:  In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR):  THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).

EXHIBIT A,

page 16

SDSC CIV-721 (Rev. 01-17)                                                                                                                                 **Page: 1**

**NOTICE OF CASE ASSIGNMENT**



# Superior Court of California
# County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
# AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed. Original documents should not be filed with pleadings. If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program"). As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file. The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150. The paper filing will be imaged and held for 30 days. After that time it will be destroyed and recycled. **Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.** Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

EXHIBIT A,

page 17